UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

KEISHA ANDREWS, ERIK KEARSE, DEEQUAN ANDREWS, S. A. (an infant), by his mother & natural guardian, KEISHA ANDREWS, L. A. (an infant), by her mother & natural guardian, KEISHA ANDREWS and A. M. (an infant), by her mother & natural guardian, KEISHA ANDREWS,

**NOTICE OF REMOVAL**

No. 17 Civ. 2654

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JONATHAN RIVERA (Tax # 949550; Shield # 6577) and POLICE OFFICERS JOHN DOE 1-10,

Defendants.

------------------------------------------------------------------x

**TO:   THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK**

Defendants The City of New York (hereinafter "City"), and Sergeant Jonathan Rivera S/H/A Police Officer Jonathan Rivera, by and through their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully show this Court as follows:

1. On February 15, 2017, plaintiffs Keisha Andrews, Erik Kearse, Deequan Andrews, S. A. (an infant), by his mother and natural guardian, Keisha Andrews, L. A. (an infant), by her mother and natural guardian, Keisha Andrews, and A. M. (an infant), by her mother and natural guardian, Keisha Andrews (hereinafter "plaintiffs") commenced the above-captioned civil action in the Supreme Court of the State of New York, Kings County, of which a trial has yet to be held. A copy of

plaintiffs' Summons with Notice and a Verified Complaint are annexed hereto as **Exhibit A**.

2. On or about February 22, 2017, plaintiffs served a Summons with Notice and a Verified Complaint upon the City, naming "THE CITY OF NEW YORK, POLICE OFFICER JONATHAN RIVERA (Tax # 949550; Shield # 6577) and POLICE OFFICERS JOHN DOE 1-10" as defendants, and setting forth the claims for which the action is based. On April 10, 2017, plaintiffs served a Summons with Notice and a Verified Complaint upon Sergeant Jonathan Rivera. See plaintiffs' Affidavit of Service of their Summons with Notice and Verified Complaint, annexed hereto as **Exhibit B**.

3. On March 7, 2017, an Answer was duly interposed on behalf of the City. On May 2, 2017, an Amended Answer was served on behalf of defendants City and Sergeant Jonathan Rivera. These Answers are annexed collectively hereto as **Exhibit C**.

4. Plaintiffs bring this lawsuit, alleging *inter alia*, that defendants violated plaintiffs' rights under the "Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985…" See Verified Complaint, **Exhibit A**, ¶ 1.

5. The above-captioned action is a civil action of which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims arising under the laws of the United States. The action is therefore removable to the United States District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. § 1441(b).

6. Furthermore, since the state and federal claims within plaintiffs' Complaint arise out of a common nucleus of operative facts, namely, the alleged police

conduct during plaintiffs' arrest, both state and federal claims form part of the same case or controversy under Article III of the United States Constitution, and therefore this Court's exercise of supplemental jurisdiction is appropriate. See Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.2d 1228, 1247 (2d Cir. 1979) (both state and federal claims were linked by the hostility of Union officials toward appellees' assertion of their § 101 rights); see also Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315 (S.D.N.Y. 2006) (plaintiff's state and federal claims arise out of a common nucleus of operative facts).

7. This Notice of Removal is timely because it is being filed within thirty (30) days after service of the initial pleading on defendant, Sergeant Jonathan Rivera. See 28 U.S.C. § 1446(b).

8. In the context of removal under 28 U.S.C. § 1441(a), the requirement of unanimity does not extend to unserved, let alone unidentified "JOHN DOE" defendants. See Varela v. Flintlock Constr., Inc., 148 F. Supp. 2d 297 (S.D.N.Y. 2001); see also Bowen v. Home Depot, 2001 U.S. Dist. LEXIS 12100 (E.D.N.Y. 2001).

9. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE** defendants The City of New York and Sergeant Jonathan Rivera S/H/A Police Officer Jonathan Rivera, respectfully request that this action be removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated:   New York, New York
         May 2, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants, The City of New York and Sergeant Jonathan Rivera*
100 Church Street
New York, NY 10007
Tel.: (718) 620-1083

By: _____
Daniel Joy
*Assistant Corporation Counsel*

TO:   **Wale Mosaku, Esq.**
      Law Offices of Wale Mosaku, P.C.
      25 Bond Street, 3rd Floor
      Brooklyn, NY 11201