FILED: KINGS COUNTY CLERK 02/15/2017 10:11 AM
NYSCEF DOC. NO. 1

Case 1:17-cv-02654-RER   Document 1-1   Filed 05/03/17   Page 1 of 10 PageID #: 5
INDEX NO. 503073/2017
RECEIVED NYSCEF: 02/15/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

KEISHA ANDREWS, ERIK KEARSE, DEEQUAN ANDREWS, S▓▓▓ A▓▓▓ (an infant), by his mother & natural guardian, KEISHA ANDREWS, L▓▓▓ A▓▓▓ (an infant), by her mother & natural guardian, KEISHA ANDREWS and A▓▓▓ M▓▓▓ (an infant), by her mother & natural guardian, KEISHA ANDREWS,

                                      Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JONATHAN RIVERA (Tax # 949550; Shield # 6577) and POLICE OFFICERS JOHN DOE 1-10,

                                      Defendants.
-------------------------------------------------------------------X

Index No:
Date Filed:

Plaintiffs designate
KINGS COUNTY
as the place of trial

The basis of the venue is:
Place where cause of action arose

**SUMMONS**

The plaintiffs reside at:
Kings County, New York

To the above named defendant(s):

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' Attorney within twenty days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the complaint set forth below.

Dated: Brooklyn, New York
       February 15, 2017

                                      Yours, etc.

                                      LAW OFFICES OF WALE MOSAKU, P.C.
                                      BY: WALE MOSAKU
                                      Attorney for Plaintiff(s)
                                      25 Bond Street, 3rd Floor
                                      Brooklyn, New York 11201
                                      (718) 243-0994

THE CITY OF NEW YORK
C/O New York City Corporation Counsel
100 Church Street
New York, N.Y. 10007

FILED: KINGS COUNTY CLERK 02/15/2017 10:11 AM
NYSCEF DOC. NO. 1

Case 1:17-cv-02654-RER  Document 1-1  Filed 05/03/17  Page 2 of 10 PageID #: 6
INDEX NO. 503073/2017
RECEIVED NYSCEF: 02/15/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X Index No.
KEISHA ANDREWS, ERIK KEARSE, DEEQUAN
ANDREWS, S▮▮▮▮ A▮▮▮▮▮▮ (an infant), by his
mother & natural guardian, KEISHA ANDREWS,
L▮▮▮▮▮▮ A▮▮▮▮▮ (an infant), by her mother &
natural guardian, KEISHA ANDREWS and A▮▮▮▮▮
M▮▮▮ (an infant), by her mother & natural guardian,
KEISHA ANDREWS,

              Plaintiffs,

    -against-            COMPLAINT

THE CITY OF NEW YORK, POLICE OFFICER
JONATHAN RIVERA (Tax # 949550; Shield # 6577)
and POLICE OFFICERS JOHN DOE 1-10,
              Defendants.
---------------------------------------------------------------X

KEISHA ANDREWS, ERIK KEARSE, DEEQUAN ANDREWS, S▮▮▮▮ A▮▮▮▮▮▮ (an infant) by his mother & natural guardian KEISHA ANDREWS, L▮▮▮▮▮▮ A▮▮▮▮▮ (an infant) by her mother & natural guardian KEISHA ANDREWS and A▮▮▮▮▮ M▮▮▮ (an infant) by her mother & natural guardian KEISHA ANDREWS (hereinafter "plaintiffs"), by their attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF NEW YORK, POLICE OFFICER RIVERA (Tax # 949550; Shield # 6577) and POLICE OFFICERS JOHN DOE 1-10 (collectively referred to as "the defendants"), upon information and belief, alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to each plaintiff under color of statute, ordinance, regulation, custom and/or to redress the deprivation of rights, privileges, and immunities secured to each plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42

U.S.C. §§ 1982, 1983 and 1985; and arising under the law and statutes of the City and/or State of New York.

## THE PARTIES

2. At all times material to this complaint, each plaintiff was, and still is, a resident of the City of New York, who at all times material and relevant to this complaint resided, and still resides, in Kings County, City and State of New York.

3. At all relevant times, defendants POLICE OFFICER RIVERA (Tax # 949550; Shield # 6577) and POLICE OFFICERS JOHN DOE 1-10 (collectively referred to as "the defendant officers"), of the New York City Police Department (hereinafter "NYPD"), upon information and belief, were, and still are, law enforcement officers in the employ of the NYPD.

4. At all times herein, the defendant officers were employed as law enforcement officers of the NYPD, and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

5. At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant officers, through its Police Department, namely the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

6. Each plaintiff sues all defendants in their individual and official capacities.

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

7. All conditions precedent to filing of this action have been complied with; on March 24, 2016, within ninety days after the claim(s)

2

alleged in this complaint arose, a written notice of claim, sworn to by each plaintiff and/or his/her representative, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff Keisha Andrews' claim was assigned Claim No. 2016PI011324. Plaintiff Deequan Andrews' claim was assigned Claim No. 2016PI011323. Plaintiff S█████ A█████ claim was assigned Claim No. 2016PI011327. Plaintiff L█████ A█████ claim was assigned Claim No. 2016PI011325. Plaintiff A█████ M█████ claim was assigned Claim No. 2016PI011326. The plaintiff Erik Kearse was not assigned a claim number.

8. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected or refused.

9. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FACTUAL ALLEGATIONS

10. On or about February 25, 2016, at approximately 05:30 p.m., there was a shooting incident in the hallway adjacent to the premises known and described as 611 Blake Avenue, #1H, Brooklyn, New York 11207 (hereinafter "subject premises").

11. At the time of the incident, all of the plaintiffs resided at the subject premises, with the exception of the plaintiff Erik Kearse.

12. Following the shooting, the plaintiff Keisha Andrews opened up her front door, and discovered the victim (a young man named Terrence Bishop ("Bishop")) lying on the hallway floor adjacent to her front door.

13. Subsequently, the defendant officers arrived at the scene. At the time the respondent officers arrived at the scene, Bishop's body was still

3

located on the hallway floor adjacent to the plaintiffs' front door. No part of Bishop's body was within the subject premises.

14. However, the plaintiffs Erik Kearse, Deequan Andrews, S▬ A▬, L▬ A▬ and A▬ M▬ who were all within the subject premises at the time of the shooting incident, were taken by the defendant officers to the 75th precinct without their consent and against their will.

15. Prior to being taken to the 75th precinct, when the plaintiff Deequan Andrews protested, informing the defendant officers that the plaintiffs could not be compelled to go to the 75th precinct as the shooting incident occurred outside of the subject premises, and the plaintiffs did not witness said shooting, he was arrested and placed in handcuffs.

16. When the other plaintiffs observed that the plaintiff Deequan Andrews had been placed in handcuffs for refusing to go to the precinct voluntarily, they realized that they would suffer the same fate, and as such, were compelled to go to the 75th precinct by the defendant officers.

17. The plaintiffs were transported in an NYPD van to the 75th precinct by the defendant officers.

18. Upon arrival at the 75th precinct, the plaintiffs were taken into a room, and compelled to remain there under armed guard until they were released at approximately 11:00 p.m. that night.

19. Upon their release, the plaintiffs returned to the subject premises, but were prevented from entering into the subject premises by the defendant officers until approximately 03:00 a.m. on February 29, 2016.

20. During the period that the plaintiffs were illegally barred from the subject premises, the plaintiff Keisha Andrews, who suffers from epilepsy, was prevented from retrieving her medication from the subject premises, and as a result, suffered multiple epileptic seizures.

4

21. Upon finally being allowed access to the subject premises, the plaintiffs discovered that the subject premises had been subjected to an illegal and unlawful search, during which the entirety of the premises was ransacked, up-ended, and personal property destroyed.

22. Due to the fact that she was prevented from gaining access to the subject premises, the plaintiff Keisha Andrews was unable to go to work for three (3) days, and as such, lost income at the rate of $130.00 per day, for a total of $390.00.

## CAUSE OF ACTION: UNLAWFUL ENTRY/SEARCH UNDER 42 U.S.C § 1983

23. By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

24. That the defendants unlawfully entered into the subject premises without the plaintiffs permission or consent, even though they did not have a warrant issued by a court of competent jurisdiction that permitted them to do so.

25. Upon unlawfully entering into the subject premises, the defendants searched and/or caused each plaintiff and/or his/her property to be searched, without any individualized reasonable suspicion that the plaintiffs were concealing weapons or contraband.

26. As a result of the foregoing, each plaintiff and/or his/her property was/were subjected to an illegal and improper search.

27. The foregoing unlawful search violated each plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

28. By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

FILED: KINGS COUNTY CLERK 02/15/2017 10:11 AM
NYSCEF DOC. NO. 1

Case 1:17-cv-02654-RER Document 1-1 Filed 05/03/17 Page 7 of 10 PageID #: 11
INDEX NO. 503073/2017
RECEIVED NYSCEF: 02/15/2017

29. The above-described respective arrest, detention and imprisonment of each plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing each plaintiff's arrest or subsequent detention.

30. As a result of each plaintiff's above-described false arrest and detention, he/she has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him/her, was prevented from attending to his/her necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his/her character and reputation.

31. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

32. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

33. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

CAUSE OF ACTION: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

34. By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 33 of this complaint as though fully set forth herein.

35. Each and every individual defendant had an affirmative duty to intervene on each plaintiff's behalf to prevent the violation to his/her constitutional rights, as more fully set forth above.

36. The individual defendants failed to intervene on each plaintiff's behalf to prevent the violation of his/her constitutional rights, despite having had a realistic and reasonable opportunity to do so.
As a consequence of said defendants' actions, each plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his/her constitutional rights were violated. Each

plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

WHEREFORE, each plaintiff prays for judgment against the defendants, individually and severally, as follows: for compensatory damages against each defendant in an amount to be proven at trial; for exemplary and punitive damages against each defendant in an amount to be proven at trial; for costs and expenses of suit herein, including each plaintiff's reasonable attorney's fees; for pre-judgment and post-judgment interest; all in a sum of money that exceeds the jurisdiction of all lower Courts, and for such other and further relief as this court deems just and appropriate.

Dated: Brooklyn, New York
February 15, 2017

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____
Wale Mosaku
Attorney for the Plaintiffs
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X Index No.
KEISHA ANDREWS, ERIK KEARSE, DEEQUAN
ANDREWS, S▇▇ A▇▇ (an infant), by his
mother & natural guardian, KEISHA ANDREWS,
L▇▇ A▇▇ (an infant), by her mother &
natural guardian, KEISHA ANDREWS and A▇▇
M▇▇ (an infant), by her mother & natural guardian,
KEISHA ANDREWS,

               Plaintiffs,

-against-

               ATTORNEY
               CERTIFICATION
               PURSUANT TO 22 NYCRR
               Part 130-1.1(c)

THE CITY OF NEW YORK, POLICE OFFICER
JONATHAN RIVERA (Tax # 949550; Shield # 6577)
and POLICE OFFICERS JOHN DOE 1-10,

               Defendants.
-----------------------------------------------------------------X

The undersigned attorney does hereby certify:

That I am the attorney for the plaintiffs and duly admitted to practice law before the Courts of the State of New York. I do hereby provide this signed certification pursuant to 22 NYCRR Part 130-1.1 (c), that the papers that I have served, filed or submitted to the Court in this action are not frivolous.

Dated: Brooklyn, New York
    February 15, 2017

              Yours, etc.

              LAW OFFICES OF WALE MOSAKU, P.C.

              BY: WALE MOSAKU
              Attorney(s) for Plaintiffs
              25 Bond Street, 3rd Floor
              Brooklyn, New York 11201
              (718) 243-0994

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                          Index No.:

---

KEISHA ANDREWS, ERIK KEARSE, DEEQUAN ANDREWS, S▮▮▮ A▮▮▮
(an infant), by his mother & natural guardian, KEISHA
ANDREWS, L▮▮▮ A▮▮▮ (an infant), by her mother &
natural guardian, KEISHA ANDREWS and A▮▮▮ M▮▮▮ (an
infant), by her mother & natural guardian, KEISHA ANDREWS,

                                                    Plaintiff(s),

-against-

THE CITY OF NEW YORK, POLICE OFFICER JONATHAN RIVERA (Tax #
949550; Shield # 6577) and POLICE OFFICERS JOHN DOE 1-10,

                                                    Defendant(s).

---

## SUMMONS AND COMPLAINT

---

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff(s)
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

---

To:                                    Service of a copy of the within
                                       is hereby admitted.

                                       Dated:................. 200_

Attorneys for Defendant(s)

---